IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| LAVERN BERRYHILL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-14-175-W |
| SCOTT PRUITT, ANITA TRAMMELL, and O.S.P. 2014 HEALTH ADMINISTRATOR, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate appearing pro se[1] and seeking in forma pauperis status, initiated this action under 42 U.S.C. § 1983 alleging, in part, ongoing violations of his Eighth Amendment rights at the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. Doc. 1.[2] United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). For the reasons that follow, the undersigned Magistrate Judge recommends transfer of the case to the United States District Court for the Eastern District of Oklahoma.

---

[1] Because Plaintiff is a pro se litigant, this Court liberally construes his complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to documents reflect this Court's CM-ECF designation and pagination.

I.   **Plaintiff's complaint.**

Plaintiff, a litigant well known to this Court, *see* Doc. 3 (listing previous cases), begins his rambling, largely incoherent complaint with claims that Defendant Scott Pruitt, Attorney General of Oklahoma, is detaining him pursuant to facially void judgments and sentences.[3] Doc. 1, at 1. He then weaves Defendant Pruitt into his familiar claim of an ongoing conspiracy to conceal the void judgments. *Id.* at 1-15; *see Berryhill v. Evans*, 466 F.3d 934 (10th Cir. 2006).

Plaintiff's accumulation of three strikes pursuant to 28 U.S.C. § 1915(g) has constrained his efforts to litigate this underlying conspiracy claim. Absent a showing of imminent danger of serious *physical* danger, Plaintiff has lost the privilege of proceeding in forma pauperis. *See Berryhill v. Okla. Dep't of Corr.*, No. CIV-12-279-W, 2012 WL 1391939 (W.D. Okla. Mar. 27, 2012) (unpublished report and recommendation); *see also Berryhill v. Jones*, No. CIV-11-307-D, 2011 WL 1526911, at *1 (W.D. Okla. Apr. 21, 2011) (unpublished order) (quoting

---

[3] An attempt by Plaintiff to challenge the validity of his convictions in the District Court of Oklahoma County, Nos. CF-90-1250, CF-90-1614, would be successive. *See Berryhill v. Evans*, 466 F.3d 934 (10th Cir. 2006). In the absence of authorization from the Tenth Circuit Court of Appeals, this Court would lack the jurisdiction to consider such an application. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam) ("The district court had no jurisdiction to decide [the petitioner's] successive § 2254 petition without authority from the court of appeals.").

*Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011)). In an attempt to make that showing in this case, Plaintiff pleads as follows:

> Extreme imminent danger 42 U.S.C. § 1983 complaint against state officials individually & for personal liabilities defts. has Plaintiff in 42 U.S.C. § 1985(3) KKK Act 6th, 13th, 14th Amends. state race hate judicial kidnap and are at this date & time depriving Plaintiff of his psy medication of 200 mg of benedryls causing me of severe sleep deprivation & intentional infliction of severe mental anguish & emotional distress and extreme severe constant headaches. . . .

Doc. 1, at 1. Then, throughout the remainder of the complaint, *id.* at 6, 7, 8, 9, 10,[4] Plaintiff intersperses his conspiracy allegations with claims of cruel and unusual treatment by a second defendant, Anita Trammell, OSP warden, and a third defendant described as the OSP health administrator. *Id.* at 3.

Plaintiff seeks monetary damages, *id.* at 4, and an "[i]njunctive emergency order that [he] be immediately transferred to a medical mental & physical health rehabilitation center & that [he] be immediately given [his] psy medications[.]" *Id.* at 3.

## II. Screening.

Plaintiff is requesting in forma pauperis status, Doc. 2, and the court therefore has a duty to screen the complaint. *See* 28 U.S.C. §§ 1915(e)(2),

---

[4] Plaintiff incorporates a Request to Staff as Exhibit B to his complaint. Doc. 1, at Ex. B. Although difficult to read, the staff response to the Request appears to document the fact that Plaintiff receives mental health medications. *Id.*

1915A(a). One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted); *see also Lewis v. Ctr. Market*, 378 F. App'x 780, 787 (10th Cir. 2010) ("The district court may properly consider personal jurisdiction and venue on a § 1915 screening . . . ." (citing *Trujillo*, 465 F.3d at 1217)). This includes consideration of whether a change of venue would better serve the interests of justice. *See Love's Travel Stops & Country Stores v. Oakview Constr.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) (unpublished order) ("Any party, or the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." (citation omitted)).

### III. Venue.

In relevant part, proper venue exists in a district where any defendant resides. *See* 28 U.S.C. § 1391(b)(1). Plaintiff names one Defendant, Scott Pruitt, with an address in Oklahoma City or Oklahoma County, Oklahoma. Doc. 1, at 3. Because one Defendant resides in this district, the court may assume that venue would be proper here. *See* 28 U.S.C. § 1391(b)(1); *see also id.* § 116(c) (stating that Oklahoma County is within the Western District of Oklahoma). Nonetheless, Plaintiff also names two Defendants with addresses in McAlester,

4

Oklahoma. Doc. 1, at 3. McAlester, Oklahoma is in Pittsburg County – one of the counties comprising the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). For that reason, venue is also proper in the Eastern District of Oklahoma. *See id.* § 1391(b)(1).

Because venue is proper in both districts, this court may consider whether transfer to the Eastern District of Oklahoma would be more convenient for the parties and witnesses and better serve the interests of justice. *See id.* § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."). This is the case here. Plaintiff maintains he has been subjected to cruel and unusual punishment – the same events claimed in his assertion of imminent physical danger – during his incarceration at a facility in the Eastern District of Oklahoma. The parties and the witnesses to the alleged deprivation of his rights are at OSP and reside in the Eastern District. Accordingly, for the convenience of the parties, witnesses, and in the interest of justice, the undersigned recommends the transfer of this matter to the Eastern District of Oklahoma under 28 U.S.C. § 1404(a).

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District

of Oklahoma.

Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 20th day of March, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

IT IS SO ORDERED this 28th day of February, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE